IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
(SOUTHERN DIVISION)

| | |
|---|---|
| JAMES SINGLETERY, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action Number |
| | ) |
| EXPERIAN INFORMATION | ) |
| SOLUTIONS, INC., | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW the plaintiff, James Singletery, by and through his undersigned counsel, and for her complaint alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for an actual, statutory and punitive damages, costs and attorneys' fees pursuant to 15 U.S.C. §1681, *et seq.* ("Fair Credit Reporting Act" or "FCRA").

### JURISDICTION & VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, 15 U.S.C. §1681p.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b).

4. Plaintiff is an adult resident of the State of Alabama and resides within this judicial district.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

6. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626. Experian does business in this judicial district. Experian a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. 1681a(f).

7. Upon information and belief, Experian regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined by 15 U.S.C. §1681a(f) to third parties.

8. Upon information and belief, Experian disburses consumer reports to third parties of contract for monetary compensation.

## FACTUAL ALLEGATIONS

9. Experian reported derogatory and inaccurate information (hereinafter "the disputed information") concerning Plaintiff and Plaintiff's credit worthiness to third parties.

10. The disputed information includes, but is not limited to, a public record concerning a judgment and a bankruptcy.

11. The disputed information negatively reflects on Plaintiff, his financial responsibility as a debtor and his credit worthiness.

12. Experian has been reporting the disputed information through the issuance of false and inaccurate credit information and consumer reports that Experian disseminated to various persons and credit grantors.

13. Plaintiff repeatedly notified Experian of the disputed information. In support of his disputes, Plaintiff provided Experian with corroborating documents.

14. Thereafter, Experian notified Plaintiff of its intent to continue publish and disseminate the disputed information to third parties.

15. Defendants published and disseminated consumer reports referring or related to the plaintiff's personal identifier's to third parties after he disputed the judgment. At least one of those consumer reports included the disputed information.

16. Experian did not request additional information from the plaintiff about the disputed information.

17. Other than its public records vendors (the identities of which are unknown to Plaintiff at this time), Experian did not contact third parties, including Jefferson County Circuit Court or the United States Bankruptcy Court for the Northern District of Alabama, that would have relevant information concerning the disputed information.

18. Experian did not forward any relevant information concerning Plaintiff's dispute to the person or persons supplying the inaccurate information.

19. Experian failed to perform reasonable investigations of the above disputes.

20. Experian failed to remove the disputed information or Defendants failed to note the disputed status of the inaccurate information, or both.

21. Experian continues to report the disputed information about Plaintiff as of today's date.

22. Experian's conduct proximately caused Plaintiff's actual damages, including but not limited to: harm to credit reputation; emotional distress and mental anguish; and out-of-pocket expenses.

23. At all times relevant hereto, Experian was acting through its agents, servants and/or employees who were acting within the scope of their employment or agency, or both, and under the direct supervision of the Defendant.

24. At all times relevant hereto, Experian's conduct was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the Plaintiff's rights.

**COUNT ONE – VIOLATION OF THE FAIR CREDIT REPORTING ACT**

25. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

26. Defendant is liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681i, pursuant to 15 U.S.C. §§1681n and o.

27. Experian violated 15 U.S.C. 1681i on multiple occasions by failing to: delete inaccurate information in Plaintiff's credit file after receiving actual notice of such inaccuracies; conduct a lawful investigation; forward all relevant information to the furnisher of the inaccurate information; maintain reasonable procedures with which to filter and verify disputed information in the plaintiff's credit file; and by relying upon verification from a source Defendants have reason to know is unreliable.

28. Experian's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

29. Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

30. Wherefore, Plaintiff seeks judgment in his favor against Defendant, based on the following relief requested:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive Damages;

    (d)    Costs and reasonable attorneys' fees; and

(e) Such other and further relief as may be necessary, just and proper.

## COUNT TWO – VIOLATION OF THE FAIR CREDIT REPORTING ACT

31. Plaintiff adopts and incorporates the above-numbered paragraphs as if fully stated herein.

32. Experian is liable to Plaintiff for willfully and negligently failing to comply with the Fair Credit Reporting Act 15 U.S.C. §1681e, pursuant to 15 U.S.C. §§1681n and o.

33. Defendants violated 15 USC §1681e(b) by failing to establish or follow reasonable procedures to assure the maximum accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

34. Defendant's conduct was a substantial factor in directly and proximately causing Plaintiff's injuries and damages as outlined above.

35. Defendant is liable to Plaintiff for the full amount of statutory, actual and punitive damages, plus attorneys' fees and costs.

36. Wherefore, Plaintiff seeks judgment in her favor against the defendant, based on the following relief requested:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive Damages;

(d)   Costs and reasonable attorneys' fees; and

(e)   Such other and further relief as may be necessary, just and proper.

## JURY TRIAL DEMAND

37.   Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

s/ Micah S. Adkins
Micah S. Adkins (ASB-8639-I48A)
**BURKE, HARVEY & FRANKOWSKI, LLC**
2151 Highland Avenue, Suite 120
Birmingham, AL 35205
Telephone:  205.747-1902
Facsimile:   205.930-9054


**PLAINTIFF WILL SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Experian Information Solutions, Inc.
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104